IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MOSLEH ADNAN,**

No. CV 10-44-MO

          Plaintiff,

OPINION AND ORDER

   v.

**WHOLE FOODS MARKET PACIFIC NORTHWEST, INC., d.b.a. WHOLE FOODS MARKET,**

          Defendant.

**MOSMAN, J.,**

     Defendant Whole Foods Market Pacific Northwest, Inc. ("Whole Foods") filed a Motion to Dismiss (#4) requesting dismissal of plaintiff Mosleh Adnan's claim. Whole Foods argues that Mr. Adnan's service was inadequate under Oregon law because he never served Whole Foods with a true copy of the complaint or a summons. (Def.'s Mem. in. Supp. (#5) 2.) Whole Foods argues that Mr. Adnan's case should be dismissed with prejudice because the action was improperly filed (due to the inadequate service) and the relevant statute of limitations has since expired. (*Id.* at 4.) For the reasons set forth below, I GRANT the motion and dismiss Mr. Adnan's claim with prejudice.

///

///

///

## BACKGROUND

On November 19, 2009, Mr. Adnan filed a complaint in Oregon state court against Whole Foods for negligence stemming from an incident on November 19, 2007. (Def.'s Mem. in. Supp. (#5) 2.) Fama Boukouail personally served CT Corporation, Whole Foods' registered agent, with a complaint on November 30, 2007. (Pl.'s Mem. in Opp'n. (#13) 2.) Mr. Adnan attempted to file an amended complaint in state court on December 3, 2009, but Washington County rejected the filing because of an error in the caption. (*Id.*) Mr. Adnan states that he also mailed copies of the complaint filed in Washington County and the amended complaint to CT Corporation on December 3, December 7, and December 23 of 2009. (*Id.* at 3.) Whole Foods claims that CT Corporation only received one mailing from Mr. Adnan, a copy of the amended complaint postmarked on December 10, 2009. (Def.'s Reply (#18) 5 n. 3.)

Whole Foods asserts that service failed to comply with the true copy requirement in Oregon Rule of Civil Procedure 7 because there are multiple material differences between the complaint Mr. Adnan filed in Washington County and the complaint served on CT Corporation.[1] (Def.'s Mem. in. Supp. (#5) 2.) Mr. Adnan acknowledges the differences, but argues that they are not substantive. (Pl.'s Mem. in Opp'n. (#13) 2.) Further, Whole Foods asserts that service failed to comply with Rule 7 because Mr. Adnan never served it with a summons. Mr. Adnan asserts that the service on Whole Foods sufficiently apprised it of the pending action and was therefore reasonable and adequate. (Pl.'s Mem. in Opp'n. (#13) 6.)

---

[1] Whole Foods cites five differences between the complaint Mr. Adnan filed and the complaint served on CT Corporation: (1) a difference in the case numbers; (2) a different damages amount in the caption; (3) the lack of a date stamp on the complaint CT Corporation received; (4) textual differences in one of the allegations; and (5) different signatures on the two documents. (*See* Def.'s Mem. in. Supp. (#5) 3.)

## DISCUSSION

Under Oregon law, a plaintiff must properly serve a defendant for the court to have jurisdiction over the matter. Or. R. Civ. P. 4. Service may be made in any manner reasonably calculated to apprise the defendant of a pending action and provide the defendant an opportunity to appear. Or. R. Civ. P. 7D(1). Oregon law specifically authorizes personal service and service by mail. Or. R. Civ. P. 7D(2). Personal service is made by delivering a true copy of both the summons and complaint to a defendant. Or. R. Civ. P. 7D(2)(a). Oregon law defines a true copy as an exact and complete copy of the original summons and complaint. Or. R. Civ. P. 7A. Service by mail is made by mailing a true copy of both the summons and complaint by first class mail and either certified, registered, or express mail with return receipt requested. Or. R. Civ. P. 7D(2)(d)(i). A summons must contain the title of the cause, directions to the defendant regarding when to appear, a post office address where the plaintiff may be served, the time in which the defendant must respond, and boilerplate language regarding the importance of appearing. Or. R. Civ. P. 7C(1); Or. R. Civ. P. 7C(2); Or. R. Civ. P. 7C(3).

The Oregon Rules provide that courts are to disregard errors in the service or form of summons if the defendant is not materially prejudiced by those errors. Or. R. Civ. P. 7G; *see also Murphy v. Price*, 886 P.2d 1047, 1050 (Or. App. 1994). However, there must be adequate service of a summons in order for the court to disregard errors contained in that summons. *Murphy*, 886 P.2d at 1050. Rule 7G does not allow a court to disregard a plaintiff's failure to serve a defendant with any summons altogether. *See Adkins v. Watrous*, 673 P.2d 573, 574 (Or. App. 1983) (holding that a court lacked jurisdiction to enter a default judgment when plaintiff failed to serve defendant with any summons, which could not be cured under Rule 7G). A defendant's actual

PAGE 3 - OPINION AND ORDER

notice of the pending action is not sufficient to trigger Rule 7G. *Murphy*, 886 P.2d at 1050

(affirming summary judgment for defendant due to inadequate service notwithstanding

defendant's actual notice of pending action); *see also In re Duncan*, 996 P.2d 1010, 1012 (noting

that the right to receive adequate service of summons is a substantial right and that actual notice

of an action does not excuse inadequate service).

      Adequate service prevents the statute of limitations from running. *Baker v. Foy*, 797 P.2d

349, 351-52 (1990). Generally, "for the purpose of determining whether an action has been

commenced within the time limited, an action shall be deemed commenced . . . when the

complaint is filed, and the summons served on the defendant." Or. Rev. Stat. § 12.020 (2009).

However, if "service of summons in an action occurs before the expiration of 60 days after the

date on which the complaint in the action was filed, the action . . . shall be deemed to have been

commenced upon the date on which the complaint in the action was filed." *Id.* Oregon's statute of

limitations for a negligence claim is two years. Or. Rev. Stat. § 12.110. Therefore, in negligence

actions, the plaintiff must adequately serve the defendant within two years of the underlying

incident, or within sixty days of filing a complaint (so long as the complaint was filed within two

years of the incident) to have the action deemed commenced before the statute of limitations

expires.

      In *Baker*, the Oregon Supreme Court laid out a two-part test for determining if service

was adequate under Oregon's concept of reasonable notice. *Davis Wright Tremaine, LLP v.*

*Menken*, 45 P.3d 983, 985 (2002).

      First, the court must determine if "the method in which service of summons was
made [was] one of those methods described in [the rules], specifically permitted for
use upon the particular defendant . . . and accomplished in accordance with [the

rules]. If so, the service is presumptively adequate and, unless the defendant overcomes the presumption, service will be deemed effective. If, however, presumptively adequate service is not effected, or if the defendant rebuts the presumption of valid service, the court must then consider whether "the manner of service employed by the plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in [the rules]." Only if that inquiry is answered in the affirmative will service be deemed valid.

*Id.* (internal citations omitted).

Notice is reasonable if, based on the totality of the circumstances, it provides the defendant with notice of the action and a reasonable opportunity to appear and defend. *Baker*, 797 P.2d at 352.

## I.    **Adequacy of Service**

### A.    *Complaint*

Ms. Boukouail's personal service on CT Corporation is adequate notwithstanding the failure of the complaint to meet the definition of a true copy. Ms. Boukouail attempted personal service (one of the methods listed in the Oregon rule) on November 30, 2009. (Pl.'s Mem. in Opp'n. (#13) 2.) The complaint she served is not a true copy of the complaint Mr. Adnan filed in Washington County because of the various differences between the two documents (as noted earlier). Ms. Boukouail's November 30 service does not satisfy Oregon's requirements for personal service because she did not give CT Corporation a true copy of the complaint. Ms. Boukouail's service is therefore inadequate under the first *Baker* option because it failed to meet the true copy requirement under the procedures for personal service.

Although the November 30 service fails to meet the first *Baker* option, it provided Whole Foods with reasonable notice of the suit and meets the second *Baker* option with respect to the complaint. The discrepancies between the complaint Mr. Adnan filed and the complaint served

on CT Corporation are not so severe as to fail to place Whole Foods on notice of Mr. Adnan's suit. The errors cited by Whole Foods do not, even in the aggregate, constitute material error that would prevent Whole Foods from obtaining adequate notice of Mr. Adnan's suit. For example, any injury to Whole Foods based on the incorrect case number was corrected when it received the amended complaint in December 2009. Further, Whole Foods could have discerned the correct case number by contacting the state court. If Whole Foods had contacted the state court, it also could have obtained the information in the missing date stamp. Although there is a discrepancy in damage amounts between the two complaints, the repetition of the larger amount throughout both documents adequately puts Whole Foods on notice that the larger sum is the correct relief requested. Although textual differences could be a material error, they are not in the instant case. The inclusion of an additional two words to further explain and supplement an already pled allegation is not a material discrepancy because it does not affect the nature of the claim or allegations overall.

Taking into account the corrected errors and the ones still outstanding, the cited discrepancies are unlikely to have seriously misled Whole Foods about the nature or factual basis of Mr. Adnan's suit. The complaint received by CT Corporation on November 30, 2009 stated the nature of Mr. Adnan's claim and the relevant facts in sufficient detail.

The parties dispute if and when copies of the various complaints were mailed to CT Corporation after November 30, 2009. I do not address this factual dispute because I find adequate service with respect to the complaint was made when Ms. Boukouail personally served CT Corporation on November 30, 2009.

///

PAGE 6 - OPINION AND ORDER

**B.**    *Summons*

Mr. Adnan's failure to serve a summons on Whole Foods is fatal to his cause of action. A court may excuse immaterial discrepancies between copies, as done with the various complaints, but cannot do so when the plaintiff fails to serve a summons altogether. *See Adkins*, 673 P.2d at 574. A summons provides a defendant with certain essential information and the non-issuance of that information is not a small technical error to be overlooked. To do so would deprive Whole Foods of its substantial right to receive a summons. The errors Mr. Adnan made cannot be excused under Rule 7G because no summons was served on Whole Foods. *See id.* Although *Adkins* dealt with the entry of a default judgment, it nonetheless illustrates the difference between the service of an imperfect summons, and service of no summons. Further, Mr. Adnan cannot argue that his inadequate service is cured by Whole Foods having actual notice of the pending action because under *Murphy*, actual notice does not excuse the lack of a summons. *See* 886 P.2d at 1050.

Whole Foods was aware of the title and parties to the action, but it could not discern the other information required in a summons (such as an address for service on Mr. Adnan or a date to appear) from the complaint Ms. Boukouail served on CT Corporation. Whole Foods' inability to meet and confer regarding the instant motion demonstrates a need for the information that would have been contained in a proper summons. Whole Foods claims that it could not meet and confer with Mr. Adnan before filing its motion, as required under the local rules, because it lacked Mr. Adnan's correct contact information. (Def.'s Mot. to Dismiss (#4) 1.) Whole Foods claims that the only contact information it has for Mr. Adnan is the address listed on the complaint and that it tried, unsuccessfully, to find additional contact information. (*Id.* at 1-2.)

Further, it asserts that because Mr. Adnan never responded to correspondence sent to the address on the complaint, it had to file the instant motion without first attempting to resolve the dispute. (*Id.* at 2.) Had Mr. Adnan served a summons, Whole Foods would have known an address where it could serve process on Mr. Adnan and presumably would have used that address to comply with the meet and confer requirement. Whole Foods did not suffer the same level of harm as the defendants in *Adkins* suffered due to the entry of a default judgment, but the inability to comply with the meet and confer rule is harm nonetheless.

Under Oregon law, the statute of limitations is tolled when the defendant serves the complaint and summons. Therefore, Mr. Adnan's suit has not yet been commenced due to the inadequate service on Whole Foods. The incident underlying Mr. Adnan's claim occurred on November 19, 2007. The relevant two-year statute of limitations expired on November 19, 2009. Therefore, Mr. Adnan's suit must be deemed commenced as of November 19, 2009 in order to be filed within the statute of limitations. Mr. Adnan's suit is deemed commenced on the date on which service is perfected, or the date he filed the complaint if he completed service within sixty days. Mr. Adnan's service is inadequate under Oregon law because he never served Whole Foods with a summons. Therefore, Mr. Adnan's suit has not been commenced for the purposes of tolling the statute of limitations. Because the statute of limitations has expired, Mr. Adnan cannot attempt to perfect service now by serving Whole Foods with a summons. Due to Mr. Adnan's inability to amend service due to the expiration of the statute of limitations, a dismissal entered against Mr. Adnan must be with prejudice.

## CONCLUSION

Service of the complaint was adequate notwithstanding the differences between the

PAGE 8 - OPINION AND ORDER

complaint filed in Washington County and the complaint personally served on CT Corporation on November 30, 2009. However, Mr. Adnan's overall service is nonetheless inadequate because he failed to serve Whole Foods with a summons. Mr. Adnan's inadequate service results in his suit not yet being deemed commenced for statute of limitations purposes.

For the reasons given above, I GRANT defendant Whole Foods' Motion to Dismiss (#4) and I GRANT the Motion to Dismiss with prejudice.

IT IS SO ORDERED.

DATED this _30th_ day of March, 2010.


/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Court

PAGE 9 - OPINION AND ORDER